UNITED STATES DISTRICT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



| | |
|---|---|
| SARAH JO GILL, JUDY HULTS, WAYNE HULTS, SHELLY MOORE, MATTHEW NIEBAUER, TERRY L. REYNOLDS, BETTY STAPLETON, and PAUL STAPLETON,<br><br>    Plaintiffs,<br><br>v.<br><br>GIVAUDAN FLAVORS CORPORATION, ALEX FRIES, INC., CHR HANSEN, INC., DEGUSSA FLAVORS & FRUIT SYSTEMS MANUFACTURING, LLC, GOLD MEDAL (FLAVACOL), HENRY H. OTTENS MANUFACTURING COMPANY, INC., CARGILL FLAVOR SYSTEMS US, LLC, SENSIENT FLAVORS INC., FLAVORS OF NORTH AMERICA, INC., BASF CORPORATION, WILD FLAVORS, INC., H.B. TAYLOR CO., THE FLAVOR EXTRACT MANUFACTURERS ASSOCIATION OF THE UNITED STATES, John Doe Defendants (1-20),<br><br>    Defendants. | NOTICE OF REMOVAL<br><br>1 : 07 -cv- 1158 -SEB -TAB |

TO:    Allen Wellman McNew
c/o Kevin G. Harvey
P.O. Box 455
5 Courthouse Plaza
Greenfield, IN  46140
(Counsel for Plaintiff)

Defendants, Sensient Flavors, Inc. ("Sensient"), Givaudan Flavors Corporation ("Givaudan"), and BASF Corporation ("BASF"), by their respective undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove to the United States District Court for the Southern District of Indiana, Indianapolis Division, the action captioned <u>Sarah J. Gill, et</u>

al. v. Givaudan Flavors Corporation, et al., which is pending in the Marion County Circuit Court as Case No. 49C010708CT032187 (the "State Court Action").

## CITIZENSHIP OF PARTIES

1. According to Plaintiffs' Complaint in the State Court Action (the "Complaint"), Sarah Gill is a resident of Marion, Indiana and a former employee of Weaver Popcorn Company, Inc. ("Weaver Popcorn") in Van Buren, Indiana, (Compliant, ¶¶ 2(a), 7). Sarah Gill is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

2. According to Plaintiffs' Complaint, Judy Hults is a resident of Marion, Indiana and a former employee of Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(b), 7). Judy Hults is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

3. According to Plaintiffs' Complaint, Wayne Hults is a resident of Marion, Indiana, and the spouse of a former employee at Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(b), 7, 62). Wayne Hults is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

4. According to Plaintiffs' Complaint, Shelly Moore, is a resident of Marion, Indiana, and a former employee of Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(c), 7). Shelly Moore is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

5. According to Plaintiffs' Complaint, Matthew Niebauer, is a Van Buren, Indiana resident, and a former employee of Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(d), 7). Matthew Niebauer is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

6. According to Plaintiffs' Complaint, Terry L. Reynolds, is a Marion, Indiana resident, and a former employee of Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(e), 7). Terry Reynolds is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

7. According to Plaintiffs' Complaint, Betty Stapleton is a resident of Marion, Indiana, and a former employee of Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(f), 7). Betty Stapleton is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

8. According to Plaintiffs' Complaint, Paul Stapleton is a resident of Marion, Indiana, and the spouse of a former employee at Weaver Popcorn in Van Buren, Indiana. (Complaint, ¶¶ 2(f), 7, 62). Paul Stapleton is an Indiana citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

9. Defendant The Flavor & Extract Manufacturers Association of the United States ("FEMA") is a Maryland non-profit corporation with its principle place of business located in Baltimore, Maryland. (Complaint, ¶ 4). FEMA is thus a citizen of Maryland for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

10. Defendant Givaudan is a Delaware corporation with its principal place of business located in the state of Ohio. (Complaint, ¶ 5(a)). Givaudan is thus a Delaware and Ohio citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

11. Defendant Chr. Hansen, Inc. ("Chr. Hansen") is a Wisconsin corporation with its principal place of business located in the state of Wisconsin. (Complaint, ¶ 5(c)). Chr. Hansen is thus a Wisconsin citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

12. Defendant Gold Medal Products Co. ("Gold Medal"), improperly named as Gold Medal (Flavacol) in Plaintiffs' Complaint, is an Ohio corporation with its principal place of business located in the state of Ohio. (Complaint, ¶ 5(e)). Gold Medal is thus an Ohio citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

13. Defendant Henry H. Ottens Manufacturing Company, Inc. ("Ottens Manufacturing"), is a Pennsylvania corporation with its principal place of business located in the state of Pennsylvania. (Complaint, ¶ 5(f)). Ottens Manufacturing is thus a Pennsylvania citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

14. Defendant Cargill Flavor Systems US, LLC ("Cargill Flavor Systems"), is a Limited Liability Company, the sole member of which is Cargill Food Ingredients US, LLC. Cargill Food Ingredients US, LLC is a Limited Liability Company, the sole member of which is Cargill, Incorporated. Cargill, Incorporated is a Delaware corporation with its principal place of business located in Minnesota. Cargill Flavor Systems is thus a Delaware and Minnesota citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Cargill Flavor Systems US, LLC, was formerly known as Degussa Flavors & Fruit Systems US, LLC, Degussa Flavors & Fruit Systems Manufacturing, LLC, and Alex Fries, Inc., and these companies do not have any citizenship for purposes of diversity jurisdiction.

15. Defendant Flavors of North America, Inc. ("FONA"), is an Illinois corporation with its principal place of business in Illinois. (Complaint, ¶ 5(h)). FONA is thus a citizen of the state of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

16. Defendant BASF Corporation ("BASF"), is a Delaware corporation with its principal place of business in the State of New Jersey. (Complaint, ¶ 5(i)). BASF is thus a

citizen of the states of Delaware and New Jersey for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

17.  Defendant Wild Flavors, Inc. ("Wild"), is a Delaware corporation with its principal place of business in the state of Kentucky. (Complaint, ¶ 5(j)). Wild is thus a citizen of the states of Delaware and Kentucky for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

18.  Defendant H.B. Taylor Co. ("H.B. Taylor"), is an Illinois corporation with its principal place of business in the state of Illinois. (Complaint, ¶ 5(k)). H.B. Taylor is thus a citizen of the state of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

## IMPROPER/FRAUDULENT JOINDER OF SENSIENT

19.  Defendant Sensient is a Wisconsin corporation with its principal place of business located in Indianapolis, Indiana. (Complaint, ¶ 3). Sensient is thus a citizen of Indiana and Wisconsin for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

20.  Notwithstanding the statements in Paragraph 19 *supra*, however, the citizenship of Sensient must be ignored for purposes of this Notice of Removal because Sensient was improperly/fraudulently joined to Plaintiffs' Complaint. See *Hoosier Energy Rural Elec. Coop. v. Amoco Tag Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th cir. 1994); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)("Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if such joinder is fraudulent. In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded.")

21.  Fraudulent joinder occurs not only when there is an "outright fraud in the Plaintiff's pleading of jurisdictional facts," *Gottlieb*, 990 F.2d at 327, but also when there is no

"reasonable possibility that a state court would rule against the non-diverse defendant," *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

22.     Here, fraudulent joinder has occurred because there is no reasonable possibility that a state court would rule against Sensient, which is the only non-diverse defendant. Plaintiffs' Complaint alleges claims against Sensient because Sensient allegedly "designed, manufactured and/or supplied butter flavorings and other products containing diacetyl to which these Plaintiffs were exposed during pertinent years." (Complaint, ¶ 3) Plaintiffs' Complaint further alleges that the Plaintiffs are:

> "(1) former employees of Weaver Popcorn Co., Inc. d/b/a PopWeaver" (hereinafter "PopWeaver") which owns and operates the Weaver Popcorn Packaging plant in Van Buren, Indiana; and (2) the spouses of certain such employees. The former employees named herein worked as mixers, line workers, maintenance workers and in other jobs at PopWeaver. They were exposed to Defendants' natural and artificial butter flavoring and other products containing diacetyl in the ordinary course of such employment and, as a result, have contracted a variety of pulmonary illnesses."

(Complaint, ¶ 7). Plaintiffs base their claims against Sensient on Sensient's purported sale of butter flavorings to Weaver Popcorn, which resulted in the alleged exposure of the Plaintiffs to said butter flavoring during the course of their employment.

23.     The problem with Plaintiffs' Complaint, however, is that Sensient has never sold any products whatsoever, including butter flavoring products, to Weaver Popcorn Company. (Declaration of John Batz in Support of Sensient's Notice of Removal ("Batz Dec."), ¶ 4). Sensient made two (2) sales of product to Sensient's customer, General Mills Operations, Inc. ("General Mills"), which were shipped to Weaver Popcorn by Sensient at General Mills' request in 2005. *Id.* at ¶ 5. Both shipments were sent for trial purposes only and were isolated incidents. Neither resulted in any business between Sensient and Weaver Popcorn. *Id.* Moreover, the

shipments in issue were for a "White Cheddar Cheese" and "Cheddar Cheese" flavoring. Neither one of these products contains added diacetyl. *Id.* at ¶6. Accordingly, neither one of these products falls within the category of "butter flavorings and other products containing diacetyl," which are the subject of Plaintiffs' Complaint. (Complaint, ¶ 3). Since Sensient never sold any products to the popcorn plant at which Plaintiffs were allegedly exposed, Sensient cannot be found liable for Plaintiffs' purported injuries.

24.     It is black letter law in Indiana that a plaintiff cannot sustain a product liability claim against a defendant if the plaintiff was not exposed to that particular defendant's product. See, e.g., *Harris v. Owens-Corning Fiberglass Corp.*, 102 F.3d 1429, 1432 (7th Cir. 1997)(upholding District Court's grant of summary judgment where plaintiff could not show exposure to the defendant's specific products); *Peerman v. Georgia-Pacific Corp.*, 35 F.3d 284, 287 (7th Cir. 1994)(same); *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293-94 (7th Cir. 1996)(holding that causation was a critical element for a negligence claim under Indiana law); Ind. Code Ann. § 34-20-2-1. Here, no Sensient product could have caused Plaintiffs' injuries because Plaintiffs were never exposed to any of Sensient's products. Based on the indisputable evidence that Sensient did not sell butter flavoring to Weaver Popcorn, Plaintiffs cannot possibly recover against Sensient. Therefore, under the doctrine of fraudulent joinder, the citizenship of Sensient is therefore ignored for purposes of removal based upon diversity jurisdiction. See *Poulos v. Naas Foods, Inc.*, 959 F.2d.

25.     Once the citizenship and principal place of business of Sensient are removed from the equation, there is complete diversity of citizenship between Plaintiffs and Defendants and removal is therefore proper pursuant to 28 U.S.C. §§ 1441(a), and 1332.

## AMOUNT IN CONTROVERSY

26.     Plaintiffs' Complaint asserts personal injury claims against each of the Defendants based on certain Plaintiffs' alleged exposure during the course of their employment to butter flavoring that was designed, manufactured and/or sold by each of the Defendants, and certain other Plaintiffs' loss of consortium as a result of the alleged injuries to their respective spouses that were former workers.  (Complaint, ¶ 7).  The amount in controversy exceeds $75,000.00 exclusive of interest and costs because the allegations of damage in the Complaint are severe. Plaintiffs' alleged injuries include:

> … severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and/or impairment of the ability to function as a whole person.  The Plaintiffs have suffered and will continue to suffer damages as a direct and/or proximate result of these injuries, including but not limited to, pain and suffering and future pain and suffering, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest, loss of the ability to function as a whole person, loss of enjoyment of life, and permanent impairment.  In addition, Plaintiffs have suffered and will suffer loss of wages and/or earning capacity, and have expended and will expend money for medical treatment, medication, medical monitoring and/or medical devices.

(Complaint, ¶ 25).

27.     In regards to the alleged damages suffered by the spouses of former workers, the Complaint states:

> At all relevant times hereto, Plaintiff Wayne Hults was and is the spouse of Plaintiff Judy Hults and Plaintiff Paul Stapleton was and is the spouse of Plaintiff Betty Stapleton.  As a direct and proximate result of Defendant's breach of their various duties of care and their actions and non-actions as set forth above, Plaintiffs Wayne Hults and Paul Stapleton have lost the care, comfort, society, and household services of their respective spouses.

To the extent it is possible that the claims of Wayne Hults and/or Paul Stapleton do not satisfy the jurisdictional amount, the Court would nonetheless have supplemental jurisdiction over those

claims pursuant to 28 U.S.C. § 1367 because they are so related to the other Plaintiffs' claims in this action that they form part of the same case and controversy.

28. Given the nature of Plaintiff's allegations, a fact finder could legally conclude that the damages allegedly suffered by each Plaintiff are greater than $75,000.00. The amount in controversy requirement is thus satisfied.

29. Because of the complete diversity of the Plaintiffs and the Defendants herein, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, jurisdiction in this Court is proper under 28 U.S.C. § 1332.

## VENUE

30. Venue in the Southern District of Indiana is proper pursuant to 28 U.S.C. § 1441(a) because the Southern District of Indiana is the District Court of the United States embracing the place where the State Court Action is pending.

## TIMELINESS OF REMOVAL

31. The State Court Action was filed in Marion County Circuit Court on or about August 2, 2007. (Complaint, p. 1). Filed herewith as a Exhibit A to this Notice of Removal are copies of the pleadings, processes and orders that have been served to date on Sensient in this matter.

32. Sensient received and was served with the Summons and Complaint in this matter on August 13, 2007. No other Co-Defendant was served earlier than August 13, 2007. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), in that it is filed within 30 days after receipt by defendants, by service or otherwise, of a copy of the Complaint in the State Court Action.

33. Co-Defendants FEMA, Gold Medal, Ottens Manufacturing, Cargill Flavor Systems, FONA, Wild, H.B. Taylor, and Chr. Hansen have all consented in writing to the removal of the State Court Action, as have Alex Fries, Inc. and Degussa. Filed herewith as Exhibits B-J are copies of the respective consent forms for each of the Co-Defendants listed above (Exhibit J is the consent for both Alex Fries, Inc. and Degussa). Thus, all Defendants have joined in this Notice of Removal. All Defendants reserve any and all defenses, objections, and exceptions to this action, and in particular they do not, through their consent, waive their right to object to jurisdiction before this Court or to Plaintiffs' method of service of process.

34. The removal of this action to the Southern District of Indiana does not waive any Defendant's ability to assert any defense in this action.

35. The Defendants have filed a true and correct copy of this Notice of Removal with the Clerk of the Marion County Circuit Court.

WHEREFORE, Defendants Sensient, Givaudan, BASF and Chr. Hansen have removed this action to the United States District Court for the Southern District of Indiana, Indianapolis Division, in accordance with the statutes in such cases made and provided.

Dated this 12th day of September, 2007.

BARNES & THORNBURG LLP

By: _____
Michael R. Conner, Esq.
mike.conner@BTLaw.com
Mark J. Crandley
mark.crandley@BTlaw.com
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Ph:    (317) 231-7286
Fax:   (317) 231-7433
Attorneys for Defendant, Sensient Flavors Inc.

**Of Counsel:**

**MICHAEL BEST & FRIEDRICH LLP**
Paul E. Benson, SBN 1001457
*pebenson@michaelbest.com*
Lee M. Seese, SBN 1036636
*lmseese@michaelbest.com*
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
Ph:    (414) 271-6560
Fax:   (414) 277-0656

LOCKE REYNOLDS LLP

By: _____
Eric Riegner, Esq.
eriegner@locke.com
1000 Capital Center South
201 North Illinois Street
Indianapolis, Indiana 46204
Ph:    (317) 237-3821
Fax:   (317) 237-3900

Attorneys for Defendant, Givaudan Flavors Corporation

11

**Of Counsel:**

**MORGAN LEWIS & BOCKIUS LLP**
Deanne L. Miller
*dlmiller@morganlewis.com*
Allison N. Shue
*ashue@morganlewis.com*
300 South Grand Avenue
Suite 2200
Los Angeles, CA 90071
Ph: (213) 612-2500
Fax: (213) 612-2501

                **HOOVER HULL LLP**

                By: /s/ Andrew W. Hull
                Andrew W. Hull, Esq.
                awhull@hooverhull.com
                Daniel Burke, Esq.
                dburke@hooverhull.com
                111 Monument Circle
                Suite 4400
                Indianapolis, Indiana 46244-0989
                Ph: (317) 822-4400
                Fax: (317) 822-0234

                Attorneys for Defendant, BASF Corporation

X:\CLIENTB\085516\0028\A2229142.1